United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                          Case No. 17-17733-mdc
Emanuel Saopraseut                                                              Chapter 13
     Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: PaulP              Page 1 of 1          Date Rcvd: Jul 23, 2018
                        Form ID: pdf900           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 25, 2018.
db             +Emanuel Saopraseut,    629 Durfor St,    Philadelphia, PA 19148-3816

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 25, 2018                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 23, 2018 at the address(es) listed below:
      KEVIN G. MCDONALD    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
      MATTEO SAMUEL WEINER     on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
      MICHAEL ADAM COHEN     on behalf of Debtor Emanuel  Saopraseut mcohen1@temple.edu
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
      WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                      TOTAL: 5

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Emanuel Saopraseut<br>          Debtor | CHAPTER 13 |
| M&T Bank<br>          Movant<br>vs. | NO. 17-17733 MDC |
| Emanuel Saopraseut<br>          Debtor | |
| William C. Miller Esq.<br>          Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$6,658.17**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | February 2018 to June 2018 at $1,125.54/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$6,658.17** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$6,658.17**.

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$6,658.17** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due July 1, 2018 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,125.54 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   June 28, 2018                          By: /s/ Kevin G. McDonald, Esquire
                                                   Kevin G. McDonald, Esquire

Date:   7/2/18                                 _____
                                                   Michael Adam Cohen
                                                   Attorney for Debtor

Date:   7/18/18                                _____
                                                   William C. Miller
                                                   Chapter 13 Trustee        *NO POSITION*

                                               *without prejudice to any
                                               trustee rights or remedies

Approved by the Court this 23rd day of _____July_____, 2018. However, the court retains discretion regarding entry of any further order.

                                               _____
                                               Bankruptcy Judge
                                               Magdeline D. Coleman